IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| CONSTANCE BATTAGLIA, | CASE NO. 1:22-CV-01459-DAC |
| Plaintiff, | MAGISTRATE JUDGE DARRELL A. CLAY |
| vs. | **MEMORANDUM OPINION AND ORDER ON PLAINTIFF'S MOTION FOR ATTORNEY FEES PURSUANT TO EQUAL ACCESS TO JUSTICE ACT** |
| COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, | [ECF #16] |
| Defendant. | |

## INTRODUCTION

After a favorable decision remanding this matter to the Defendant Commissioner of the Social Security Administration, Plaintiff Constance Battaglia filed a Motion for Attorney Fees under the Equal Access to Justice Act. (ECF #16). Ms. Battaglia sought an award of $4,828.80 in attorney fees and $402.00 in costs, for a total award of $5,230.80. (*Id.* at PageID 4915). The Commissioner opposed the request. (ECF #17). Ms. Battaglia did not file a reply brief.

For the reasons that follow, I **GRANT** the Motion in part. I award Ms. Battaglia $4,475.03 in attorney fees and $402.00 in costs, for a total award of $4,877.03. I further direct that the portion of this award not subject to any offset Ms. Battaglia may owe to the United States be paid directly to her counsel in this matter.

## BACKGROUND FACTS

Ms. Battaglia commenced this action on August 16, 2022, challenging the Commissioner's decision denying her application for disability insurance benefits. (ECF #1). On August 24, 2022, pursuant to 28 U.S.C. § 636, the parties consented to my exercising jurisdiction over this matter. (ECF #6).

Following review of the record and the briefs of the parties, on June 8, 2023, I ordered this matter remanded to the Commissioner for further proceedings. (ECF #14). I found error in the

1

ALJ's evaluation of the opinions of Ms. Battaglia's physicians, particularly the ALJ's failure to adhere to the requirements of the treating-physician rule that applied to Ms. Battaglia's claim. (*Id.* at PageID 4909-13). I specifically noted: "The ALJ's failure to articulate her reasoning in full regarding these findings deprives the Court of the ability to conduct a meaningful review of the ALJ's evaluation of Dr. Warren's opinion. As such, I find the claim must be remanded for additional proceedings consistent with this opinion." (*Id.* at PageID 4913).

## LAW AND ANALYSIS

Under the Equal Access to Justice Act (EAJA), the party who prevails in an action seeking judicial review of a decision of the Commissioner may apply for an award of fees and costs incurred in bringing the action. *See* 28 U.S.C. § 2412(d)(1)(A). A prevailing party is not entitled, as a matter of course, to attorney fees under the EAJA. *See United States v. 0.376 Acres of Land*, 838 F.2d 819, 825 (6th Cir. 1988). Nevertheless, fees and costs are to be awarded unless a Court finds the Commissioner's position was "substantially justified" or "special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A); *Damron v. Soc. Sec. Comm'r*, 104 F.3d 853, 855 (6th Cir. 1997). The Commissioner bears the burden of establishing that the Commissioner's position was substantially justified, *see Secretary, U.S. Dep't of Labor Sec'y v. Jackson Cnty. Hosp., Inc.*, Nos. 98-6664, 98-6665, 2000 WL 658843, at *3 (6th Cir. May 10, 2000), defined as "justified, both in fact and in law, to a degree that could satisfy a reasonable person." *Jankovich v. Bowen*, 868 F.2d 867, 869 (6th Cir. 1989). But just because the Commissioner's decision was supported by less than substantial evidence "does not mean that it was not substantially justified." *Bates v. Callahan*, No. 96-4208, 1997 WL 588831, at *1 (6th Cir. Sept. 22, 1997); *see also Couch v. Sec'y of Health & Hum. Servs.*, 749 F.2d 359, 359 (6th Cir. 1984).

Here, there is no dispute that Ms. Battaglia is a prevailing party and the Commissioner does not identify any special circumstances precluding an award of fees. Thus, the only issue remaining for me to decide is whether the Commissioner's position was substantially justified.

The Commissioner argues this case is akin to *DeLong v. Comm'r of Soc. Sec.*, 748 F.3d 723 (6th Cir. 2014), where the Sixth Circuit observed that "in the vast majority of cases, a position defending a final administrative decision despite its imperfections will be justified." *Id.* at 728. The Commissioner asserts that the remand in this case, like that in *DeLong*, involved a mere articulation error rather than a substantive error. (ECF #17 at PageID 4985). That is, the

2

Commissioner maintains that I required remand because the ALJ did not set forth sufficient findings to support the weight assigned to Dr. Warren's opinion. Hence, as in *DeLong*, the "fatal flaw" in the ALJ's opinion was not finding that Dr. Warren's opinion was not entitled to controlling weight, but rather the failure to explain more clearly why that was true. *See DeLong*, 748 F.3d at 727. As the Sixth Circuit explained, such errors are procedural, rather than substantive. *Id.* The Commissioner contends the present case is not one where the record itself fails to support the ALJ's decision on the merits, or where the evidence in Ms. Battaglia's favor was overwhelming enough to support a direct award of benefits. (ECF #17 at PageID 4985-86). Thus, "[w]hile the Commissioner was not successful, her position was substantially justified." (*Id.* at PageID 4986).

Ms. Battaglia, on the other hand, contends the ALJ committed a fundamental error, making the Commissioner's "position not substantially justified." (ECF #16 at PageID 4919). She does not specifically address the applicability of *DeLong*. But she notes that "[w]here the ALJ entirely failed to assign weight to a treating physician's opinion or provided perfunctory reasons for the weight assigned, courts have found the Commissioner was not substantially justified." (*Id.* at PageID 4918) (citing *Coy v. Astrue*, No. 1:12–CV–00381, 2013 WL 1411137, at *2-3 (N.D. Ohio Apr. 8, 2013)).

In *DeLong*, the Sixth Circuit noted that a district court's finding on the issue of substantial justification "carries considerable weight on appeal." *Cunic-Goodman v. Comm'r of Soc. Sec.*, 2019 WL 935209, at *3 (W.D. Mich. Feb. 26, 2019) (quoting *Delong*, 748 F.3d at 726). "The Court of Appeals left no doubt that the touchstone of the district court's analysis must be whether the defendant discharged her burden on substantial justification by demonstrating that the position had a reasonable basis in both law and fact." *Cunic-Goodman*, at *3 (cleaned up).

With these principles in mind, I conclude the Commissioner has not established that this case falls within the narrow category of cases described in *DeLong*. My conclusion is guided by this Court's decision in *Irizarry v. Comm'r of Soc. Sec.*, No. 1:12CV3081, 2015 WL 261272 (N.D. Ohio Jan 21, 2015), which contrasted cases using the "mere articulation error" characterization of *DeLong* with cases where the Commissioner's position was deemed not substantially justified. On one hand, "where remand is based solely on an ALJ's failure to describe his findings accurately, the government's position is usually found substantially justified." *Id.* at *3 (citing *Hoffman v. Comm'r of*

*Soc. Sec.*, No. 3:11–cv–237, 2012 WL 3758657 (N.D. Ohio Aug. 14, 2012) (denying plaintiff's application for EAJA fees because the ALJ referenced the doctor's reports, rejected conclusions made therein, and only failed to explain the weight given to the opinions of his treating physician); *Damron v. Comm'r of Soc. Sec.*, 104 F.3d 853, 855 (6th Cir. 1997) (denying EAJA application where the ALJ did not provide good reasons for the weight given to a treating physician, but his reasons were adequately explained by other facts in the record)).

In contrast, where the ALJ entirely failed to assign weight to a treating physician's opinion or provided perfunctory reasons for weight assigned, "courts have found the Commissioner was not substantially justified in defending the ALJ's decision because it was in direct violation of the agency's own regulations." *Irizarry*, 2015 WL 261272, at *3. For example, in *Coy v. Astrue* (which Ms. Battaglia cites), following the court's order of remand, the court awarded EAJA fees because the ALJ referenced the treating physician's opinions only by exhibit number and did not provide good reasons for the weight assigned. *Irizarry*, 2015 WL 261272, at *3 (citing *Coy*, 2013 WL 1411137, at *2-3 ("the only 'reasons' given by the ALJ for rejecting [the treating physician's] opinions were so conclusory and perfunctory as to be the equivalent of giving no reason at all")). And, in *Rego v. Comm'r of Soc. Sec.* No. 3:12–cv–00034, 2013 WL 1181443 (N.D. Ohio Mar. 21, 2013), the court remanded because the ALJ entirely failed to assign weight to a treating physician's opinion. *Id.* at *3. Following remand, plaintiff's counsel moved for an award of EAJA fees. *Irizarry*, 2015 WL 261272, at *4. The court explicitly rejected the Commissioner's attempt to classify the ALJ's failure to assign weight as an "articulation" error and awarded fees because remand was based on a denial of substantive rights and the failure to properly apply the treating physician rule. *Id.* (citing *Rego v. Comm'r of Soc. Sec.*, No. 3:12–cv–00034, 2014 WL 825219, at *2 (N.D. Ohio Mar. 3, 2014)); *see also Jeffries v. Comm'r of Soc. Sec.*, No. 1:12CV01718, 2014 WL 1394411, at *3 (N.D. Ohio Apr. 9, 2014) (awarding fees where the ALJ failed to adhere to procedural rules and rejecting the Commissioner's argument that such failure is a mere articulation error)).

For all these reasons, I conclude that the Commissioner's position here was not substantially justified. Therefore, an award of fees is appropriate under EAJA. As noted above, Ms. Battaglia sought $4,828.00 in attorney fees and $402.00 in costs. The Commissioner did not challenge the reasonableness of either claimed amount. Ms. Battaglia's counsel supported the request with the required itemized statement of actual time expended and the rate at which fees

4

were computed. *See* 28 U.S.C. § 2412(d)(1)(B). Further, counsel's request for an upward rate adjustment from statutory maximum of $125.00 per hour based on increases in the cost of living is justified. *See* 28 U.S.C. § 2412(d)(2)(A); *Nimrod v. Comm'r of Soc. Sec.*, No. 1:20-cv-00678, 2023 WL 2431990, at *2 ("This Court agrees that given the passage of time, inflation, and increased costs, an hourly rate of $225, though somewhat high, is not excessive.").

In this case, Ms. Battaglia's counsel used an hourly rate of $224.46 for services rendered in 2022 (18.7 hours), and $231.36 for services rendered in 2023 (1.2 hours), for a total of $4,475.03. (ECF #16-2 at PageID 4927).[1] Such rate is less than the $350.00 per hour she charges in non-contingent, disability related cases. (ECF #16-1 at PageID 4924). The $402.00 in costs represents the filing fee this Court charges for new-filed actions (*see* ECF #1) ("Filing fee paid $ 402, Receipt number AOHNDC-11569294"), and therefore is not reasonably in dispute. Accordingly, I will award Ms. Battaglia $4,475.03 in attorney fees and $402.00 in costs, for a total award of $4,877.03.

Finally, Ms. Battaglia requests that I order the award of fees be paid directly to her counsel pursuant to written assignment agreement, a copy of which accompanied the Motion. (ECF #16 at PageID 4921-22 & ECF #16-8 at PageID 4980). In pertinent part, the agreement provides: "If this matter is appealed to Federal Court, I hereby assign any EAJA fee to my attorneys. It is understood that if EAJA fees and fees from my retroactive benefits overlap, the lower of the two fees will be refunded to me." (ECF #16-8 at PageID 4980). The Commissioner also did not address this issue in its response to the Motion.

EAJA fees are awarded to the prevailing party, not the party's attorney; therefore, any such fee award is subject to offset where the prevailing party has outstanding federal debts. *See Astrue v. Ratliff*, 560 U.S. 586, 589 (2010) ("We hold that a § 2412(d) fees award is payable to the litigant and is therefore subject to a Government offset to satisfy a pre-existing debt that the litigant owes the United States."). Accordingly, I direct counsel for the parties to confer promptly and

---

[1]     Despite the total amount of $4,475.03 being set forth in the documents supporting the Motion (ECF #16-2 at PageID 4927), the Motion sought a higher amount of $4,828.80 (ECF #16-1 at PageID 4915), without explanation. I therefore decline to include the additional $353.77 in the fee award to Ms. Battaglia.

determine whether Ms. Battaglia owes any pre-existing debt to the United States that is subject to offset; if so, any such debt is to be offset against the EAJA award granted herein.

As noted, Ms. Battaglia has assigned any EAJA fees to which she may be entitled to her attorney. (ECF #16-8 at PageID 4980). Therefore, the Commissioner is directed that the EAJA award made herein that is not subject to offset must be paid to Ms. Battaglia's counsel pursuant to that assignment, and the Commissioner is to direct the Treasury Department to mail any check in this matter to counsel's business address. *See Morabito v. Comm'r of Soc. Sec.*, No. 1:16-CV-2414, 2018 WL 1535193, at *3 (N.D. Ohio Mar. 29, 2018).

## CONCLUSION

For the foregoing reasons, Ms. Battaglia's Motion for Attorney Fees under the Equal Access to Justice Act is **GRANTED** in part. Ms. Battaglia is awarded $4,475.03 in attorney fees and $402.00 in costs, for a total award of $4,877.03. This amount is to be paid in accordance with the procedure outlined above.

**IT IS SO ORDERED.**

Date: October 6, 2023

DARRELL A. CLAY
UNITED STATES MAGISTRATE JUDGE